*Charles A. Kiernan*, for respondent.

CHARLES V. SPOONER, JR. *vs.* STUART TUCKER, *Ex'r.*

JUNE 29, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case is before us on the bill of exceptions of Charles V. Spooner, Jr. to the decision of a

justice of the superior court granting the motion of certain heirs at law and next of kin of William O'Neill to be made "parties plaintiff" in an appeal from a decree of the probate court of the city of Providence admitting to probate a certain instrument in writing purporting to be the last will and testament of Catherine V. O'Neill, hereinafter sometimes called the testatrix. The latter died a resident of Providence on November 5, 1948. Her will was admitted to probate on May 27, 1949 and Stuart Tucker was appointed executor thereof.

Thereafter and within the time specified by statute Charles V. Spooner, Jr., hereinafter called the appellant, duly filed his claim of appeal to the superior court. Among his reasons of appeal is the claim that "the execution of said instrument in writing was procured and obtained by undue influence exerted upon said Catherine V. O'Neill by divers persons" and that "at the time of the execution of said instrument in writing said Catherine V. O'Neill was not possessed of the testamentary capacity required by law for the execution of a will * * *."

While the claim of appeal *was pending in the superior court*, Cecelia Gillan of the city of Central Falls and Janet Hoye of the city of Providence, through their attorney, filed in the superior court a motion that they "be made parties plaintiff in said cause." In their motion they represent that they are sisters of William O'Neill, deceased; that they and the children of his two deceased brothers, James O'Neill and John O'Neill, are the sole heirs at law and next of kin of said William O'Neill; that the latter was the husband of the testatrix who at the time of her decease left no heirs at law or next of kin who would inherit her estate if she had died intestate; and that under the provisions of general laws 1938, chapter 567, §4, they and the other kindred of William O'Neill would take the estate of testatrix if she had died intestate. These allegations were not sworn to but they were not expressly denied

by appellant at the hearing on the motion, which was granted by the superior court. From that decision appellant has brought the present bill of exceptions to this court.

The appellant makes two contentions in his brief and oral argument: first, that Cecelia Gillan and Janet Hoye are not "interested parties" in this controversy; and secondly, that the trial justice abused his discretion in granting the motion to add new parties and to permit Cecelia Gillan and Janet Hoye, hereinafter called the appellees, to intervene in these proceedings.

The appellant contends that in order to qualify as interested parties the appellees must prove ultimate intestacy on the part of Catherine V. O'Neill in the event the instrument which is the subject matter of this controversy is declared not to be her will, and further that they must prove that she left no heirs at law or next of kin who would inherit her estate if she had died intestate.

While it is true that eventually it may be necessary to prove *intestacy* on the part of Catherine V. O'Neill before the appellees and other heirs at law and next of kin of William O'Neill are entitled to inherit, through him, the estate of his wife, testatrix herein, it does not necessarily follow that such ultimate fact must be proven as a condition precedent to their admission as *interested* parties.

The appellant further contends that the trial justice was guilty of an abuse of discretion in granting appellees' motion to be added as new parties. The latter contend that since their motion was served and filed while the case was still pending in the superior court, the trial justice had jurisdiction to hear and determine such motion, and as authority for such contention they call our attention to general laws 1938, chapter 573, §2. So far as pertinent this section provides that when a probate appeal is entered in the superior court "the superior court at any time during the pendency of the appeal may direct any additional notice

or service, and, upon motion, may permit *any interested party* to enter an appearance." (italics ours)

This statute gives undoubted power to the superior court to hear and decide motions such as the one here involved. But such power must not be exercised arbitrarily. From an examination of the transcript it appears that at the hearing on the motion appellant objected to the granting thereof although he did not specifically challenge the facts therein alleged. He raises here for the first time the necessity of presenting evidence that the appellees were parties in interest. However, since his exception brings before us any legal ground for its support we are bound to consider such reason on review. In the absence of a sworn motion or petition it was incumbent upon the trial justice, when the appellant objected to the motion, to receive evidence in support thereof to determine whether the appellees were parties in interest. To grant the motion without first receiving any supporting evidence was an arbitrary exercise of his judicial discretion. In the particular circumstances of this case, however, we think justice will best be served by remitting the case to the superior court to permit the appellees to submit evidence, if they so desire, to support the allegations in their motion to the effect that they are interested parties herein.

The appellant's exception to the decision is sustained without prejudice, and the case is remitted to the superior court for further proceedings in accordance with this opinion.

*Letts & Quinn, Daniel J. Murray,* for appellant.

*Joseph H. Coen,* for appellees.

*Hinckley, Allen, Salisbury & Parsons, Stuart H. Tucker, Thomas J. Hogan,* for executor.